V. Elizabeth AYN, Plaintiff,

v.

Marvin T. RUNYON, Postmaster General, Defendant.

Civil No. 3:95CV00545 (AVC).

United States District Court, D. Connecticut.

Oct. 18, 1996.

---

Charles Samuel Harris, Harris & Harris, Norwalk, CT, for plaintiff V. Elizabeth Ayn.

William A. Collier, U.S. Atty's Office, Hartford, CT, Carolyn Aiko Ikari, U.S.Atty's Office, New Haven, CT, Michelle Dunham Guerra, Cohen, Weiss & Simon, New York, NY, for defendant Martin T. Runyon.

Carolyn Roberts Linsey, Owens, Schine, Nicola & Donahue, Trumbull, CT, Michelle Dunham Guerra, Cohen, Weiss & Simon, New York, NY, for defendant National Assoc. of Letter Carriers.

## RULING ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COVELLO, District Judge.

This is an action for compensatory and punitive damages, costs and attorney's fees, alleging handicap discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 791 *et seq.* The complaint also alleges intentional infliction of emotional distress. The defendant now moves for summary judgment pursuant to Fed.R.Civ.P. 56 contending that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.

The issues presented are: 1) whether the plaintiff has established a prima facie damages claim under the Rehabilitation Act ("the Act"); 2) whether, assuming arguendo that the plaintiff meets the requirements of the Act, the defendant has fulfilled any duty of reasonable accommodation it had by employing the plaintiff in a position that accommodated her medical restrictions and had the same salary, benefits and seniority; and 3) whether this court has jurisdiction over plaintiff's intentional infliction of emotional distress claim. For the reasons that hereinafter follow, the court concludes that the plaintiff has failed to make out a prima facie damages claim under the Act. The court further concludes that, assuming arguendo that the plaintiff meets the requirements of the Act, the defendant has fulfilled any duty of reasonable accommodation it had to the plaintiff. Finally, the court concludes that it does not have jurisdiction over the plaintiff's intentional infliction of emotional distress claim. Accordingly, the court grants the motion for summary judgment.

## FACTS

Examination of the pleadings, affidavits, exhibits and other supporting material accompanying the motion for summary judgment and the responses thereto, disclose the following undisputed facts.

On May 14, 1987, the plaintiff suffered a serious injury to her right knee while working as a letter carrier for the defendant employer.

From May 14, 1987 to November 9, 1988, the plaintiff's knee injury rendered her totally disabled from working. The federal workers' compensation system paid the plaintiff disability benefits during her period of total disability.

On November 9, 1988, the plaintiff returned to work. However, medical restrictions arising from her knee injury rendered the plaintiff physically unable to fulfill the duties of her former position as a mail carrier.[1] Therefore, since her return to work, the defendant has assigned the plaintiff only non-delivery duties within her medical restrictions.

Specifically, from November 9, 1988 to September 27, 1989, the plaintiff did not hold a permanently assigned mail route to sort or deliver (a "bid position"). However, it is undisputed that the plaintiff suffered no loss of pay, benefits, or seniority status by not having a bid position. Further, the defendant assigned to plaintiff job duties that accommodated her medical restrictions.

From September 27, 1989 to April 24, 1993, the plaintiff held a position as a router, which is a bid assignment for a city carrier that involves sorting mail but not delivering it. The plaintiff maintained the same pay, benefits and seniority status as any city carrier (letter carrier or router).

On April 24, 1993, the defendant re-posted for bidding all router and letter carrier positions, including the plaintiff's, due to a nationwide labor settlement.

As a result, from April 24, 1993 to October 24, 1994, the plaintiff was an "unassigned regular" letter carrier. This position was also in conformity with the plaintiff's medical restrictions. Further, the plaintiff maintained the same salary, benefits and seniority status as in her router position.

On October 24, 1994, the plaintiff accepted a bid position of modified city carrier, which the defendant had specifically created for her under the federal workers' compensation program. The modified city carrier position accommodates the plaintiff's medical restrictions.

From October 24, 1994 to the present, the plaintiff has been employed by the defendant as a modified city carrier.

The defendant now moves for summary judgment on the following grounds: 1) the plaintiff cannot establish a prima facie damages claim based upon handicap discrimination in violation of the Rehabilitation Act; 2) assuming arguendo that the plaintiff meets the requirements of the Act, the defendant has fulfilled any duty of reasonable accommodation it had by employing the plaintiff in a position that accommodated her medical restrictions and had the same salary, benefits and seniority; and 3) the court does not have jurisdiction over the plaintiff's common law claim of intentional infliction of emotional distress.

## STANDARD

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.1992) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510), *cert. denied*, 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of sum-

---

1. The plaintiff's knee injury restricted her ability to do significant amounts of stair climbing, lift heavy parcels, and stand, walk or drive for prolonged periods of time.

mary judgment." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* After discovery, if the non-moving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The court must resolve "all ambiguities and draw all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." *Aldrich,* 963 F.2d at 523, *cert. denied,* 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). *See also Suburban Propane v. Proctor Gas, Inc.,* 953 F.2d 780, 788 (2d Cir.1992).

## DISCUSSION

### I. *The Plaintiff's Claim for Damages Based Upon Handicap Discrimination in Violation of The Rehabilitation Act*

■ The defendant first claims that the plaintiff is not an "individual with a disability" within the meaning of the Rehabilitation Act (the "Act"). Specifically, the plaintiff's knee injury does not constitute an impairment which "substantially limits one or more of [the plaintiff's] major life activities." Therefore, the plaintiff cannot establish a cause of action for handicap discrimination in violation of the Act.[2]

The plaintiff responds that she is "an individual with a disability" within the meaning of the Act. Specifically, the defendant has recognized that the plaintiff is no longer physically able to deliver mail. According to the plaintiff, the defendant's own recognition

of disability is the best evidence of her status as "an individual with a disability."

In order to establish a prima facie case under the Act, the first element the plaintiff must prove is that she is an "individual with a disability" within the meaning of the Act. *Joyce v. Suffolk County,* 911 F.Supp. 92, 94 (E.D.N.Y.1996).

The Act defines an "individual with a disability" as "any individual who (i) has a physical ... impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 29 U.S.C.A. § 706(8)(B).

The Department of Health and Human Services regulations define "major life activity" as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1613.702(c); 29 C.F.R. § 1614.203(a)(3).

In considering a handicap discrimination case brought under the Americans with Disabilities Act and the Rehabilitation Act, the court in *Redlich v. Albany Law School of Union University* determined that "[t]he relevant 'major life activity' at issue in this case is 'working.'" 899 F.Supp. 100, 106 (N.D.N.Y.1995). In *Redlich,* the plaintiff, a college professor, brought an action against his employer, Albany Law School, alleging that the defendant had discriminated against him based on his impaired use of his left leg, arm and hand following a stroke. *Id.* at 102. This court adopts the *Redlich* court's reasoning that the "major life activity" at issue is "working." *See id.* at 106.

"The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Id.* (quoting 29 C.F.R. § 1630.2(j)(3)(i)). *See also, Daley v. Koch,* 892 F.2d 212, 215 (2d Cir.1989) ("[B]eing declared unsuitable for

---

**2.** To establish a prima facie case of handicap discrimination under the Act, the plaintiff must establish that: (1) she is an individual with a disability and therefore protected by the statute; (2) she is otherwise qualified to perform the duties of her position (with or without reasonable accommodation); (3) she suffered an adverse employment action because of her handicap;

and (4) the employer is subject to the statute. *Joyce v. Suffolk County,* 911 F.Supp. 92, 94 (E.D.N.Y.1996). Failure to establish a factual issue as to any one of these elements is sufficient ground for dismissal. *Redlich v. Albany Law School of Union Univ.,* 899 F.Supp. 100, 106 (N.D.N.Y.1995).

[a] particular position ... is not a substantial limitation of a major life activity."). Further, "an impairment that disqualifies a person from only a narrow range of jobs is not considered a substantially limiting one." *Heilweil v. Mount Sinai Hospital*, 32 F.3d 718, 723 (2d Cir.1994). Rather, the impairment must "substantially limit employment *generally.*" *Joyce v. Suffolk County*, 911 F.Supp. 92, 95 (E.D.N.Y.1996) (quotation and citations omitted) (emphasis added).

In the instant case, the plaintiff's knee injury is an impairment that makes her unsuited only for positions with the defendant that require prolonged standing or a significant amount of physical activity in the nature of stair climbing, lifting heavy parcels and prolonged walking. Thus, while it is undisputed that the plaintiff's knee injury disqualifies her from being a letter carrier, it does not substantially limit her general employability with the defendant. *See Joyce*, 911 F.Supp. at 95. This is underscored by the fact that the plaintiff has been continuously employed by the defendant since her injury. Accordingly, because the plaintiff's knee injury is not an impairment which substantially limits her ability to work, this court concludes that she is not an "individual with a disability" within the meaning of the Rehabilitation Act.

■ The plaintiff further responds that she also qualifies as an "individual with a disability" because she was "regarded as" having a disability by her co-workers and supervisors. Specifically, according to the plaintiff, several of her co-workers made negative comments to her regarding her disability.

The applicable regulations define "regarded as having such an impairment," as that phrase is used in § 706(8)(A) of the Act, as follows: A person is "regarded as" having an impairment which substantially limits one or more of her major life activities when she has:

1) a physical ... impairment that does not substantially limit major life activities but is treated by an employer as constituting such a limitation;

2) a physical ... impairment that substantially limits major life activities only as a result of the attitude of an employer toward such an impairment;

3) [no impairment which substantially limits a major life activity,] but is treated by an employer as having such an impairment.

29 C.F.R. § 1613.702(e).

In this case, the only evidence offered by the plaintiff that the defendant regarded her as disabled are comments made by co-workers regarding her limited-duty work status. This evidence is insufficient as a matter of law to meet any of the three definitions of "regarded as" set forth above. Specifically, the plaintiff cannot establish that she was regarded as having an impairment which substantially limits her general employability by the defendant when it is undisputed that the plaintiff is only disqualified from certain positions, such as letter carrier, which conflict with her medical restrictions. Further, the fact that the defendant has continuously employed the plaintiff since her knee injury contradicts any claim that the plaintiff's ability to work is substantially limited because she is regarded as disabled. *See Taylor v. United States Postal Service*, 946 F.2d 1214, 1217 (6th Cir.1991) ("[A]n impairment that interfere[s] with an individual's ability to do a particular job, but [does] not significantly decrease that individual's ability to obtain satisfactory employment [is] not substantially limiting within the meaning of the [Act].") (citing *Jasany v. United States Postal Service*, 755 F.2d 1244, 1248 (6th Cir.1985)). Accordingly, this court concludes that the plaintiff does not meet the alternative definition of an "individual with a disability" because she cannot prove that she was "regarded as" having "an impairment which substantially limits one or more of her major life activities."

Because this court has concluded that the plaintiff cannot establish that she is an "individual with a disability" within the meaning of the Act, it is unnecessary to consider whether the plaintiff can meet the remaining three elements of a prima facie claim for damages based upon handicap discrimination.

II. *The Plaintiff's Claim that the Defendant has not Provided Reasonable Accommodation as Required by the Act*

The defendant next contends, assuming arguendo that the plaintiff meets all the requirements of the Act, the defendant has fulfilled any duty of reasonable accommodation it had under the Act. Specifically, the defendant claims that it reasonably accommodated the plaintiff by retaining her in positions that conformed to her medical restrictions while keeping her in the same craft, at the same salary, with the same benefits and with the same seniority date.

The plaintiff does not directly respond to this claim.[3]

 An employer is not required to make an employee's suggested accommodation, even if reasonable. *Kemer,* 900 F.Supp. at 686 (S.D.N.Y.1995). Once a reasonable accommodation has been made, the employer has fulfilled its obligations under the Act. *Id.* "The defendant is under no obligation to transfer a handicapped employee from the job for which he is employed to some other position in order to provide him with work which he can perform." *Montgomery v. Frank,* 796 F.Supp. 1062, 1069 (E.D.Mich. 1992) (quotation omitted). Further, "an employer is not required to find another job for an employee." *Henchey v. Town of North Greenbush,* 831 F.Supp. 960, 967 (N.D.N.Y. 1993).

 It is undisputed that the plaintiff's current position was created specifically for her under the auspices of the federal workers compensation program. "When an employer offers an employee an alternative position that does not require a significant reduction in pay and benefits, that offer is 'reasonable accommodation' virtually as a matter of law." *Guice–Mills v. Derwinski,* 967 F.2d 794, 798 (2d Cir.1992). Based on all of the foregoing, this court concludes that even if the defendant had a duty of reasonable accommodation under the Act, it fulfilled its duty by creating a new position for the plaintiff with the same salary, benefits and seniority as her previous position.

III. *The Plaintiff's Intentional Infliction of Emotional Distress Claim*

 The complaint also contains a count alleging intentional infliction of emotional distress pursuant to common law precepts. It is axiomatic that when all federal claims are eliminated prior to trial, a federal court should decline to exercise jurisdiction over any remaining state law claims. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988); *DiLaura v. Power Auth. of New York,* 982 F.2d 73, 80 (2d Cir.1992). In the present matter, the court finds no viable federal claim. Therefore, the court declines to exercise pendent jurisdiction over the plaintiff's state law claim.

CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment (**document no. 20**) is granted.

---

**3.** The plaintiff does not directly reply in her opposition brief to the defendant's claim that it fulfilled any duty of reasonable accommodation it had to the plaintiff. However, the plaintiff's claim appears to be based, at least in part, on an alleged lack of reasonable accommodation by the defendant.