No. 92–202.  RANDOLPH CENTRAL SCHOOL DISTRICT v. ALDRICH.  C. A. 2d Cir.  Certiorari denied.

JUSTICE WHITE, with whom THE CHIEF JUSTICE and JUSTICE O'CONNOR join, dissenting.

This case presents the question whether, under the federal Equal Pay Act, an employer seeking to establish the factor-other-than-sex defense must prove that the factor is supported by a legitimate business-related reason.

In this case, the Court of Appeals for the Second Circuit held that an employer cannot meet the burden of proving this defense by asserting use of a gender-neutral classification system without more.  963 F. 2d 520, 525 (1992).  Rather, the court below held, an employer bears the burden of proving that a bona fide

business-related reason exists for using a gender-neutral factor that results in a wage differential. *Id.*, at 526. The court below expressly disagreed with the en banc holding of the Eighth Circuit in *Strecker* v. *Grand Forks County Social Service Bd.*, 640 F. 2d 96, 100–103 (1980), adopted en banc, 640 F. 2d, at 109 (1981), and agreed instead with the dissent in that case. 963 F. 2d, at 526, n. 1.

In *Strecker*, the Eighth Circuit held that a compensation system that determined salaries on the basis of objective criteria related to duties, and salary differentials that result from the application of such criteria, are permissible under the Equal Pay Act. The Eighth Circuit did not require further proof that the classifications are bona fide. The Court of Appeals for the Seventh Circuit has also reached a holding contrary to the decision below. In *Fallon* v. *Illinois*, 882 F. 2d 1206, 1211 (1989), that court held that "[t]his circuit . . . does not require that the factor other than sex be related to the requirements of the particular position in question, or that it be a 'business-related reason[].'"

Other Courts of Appeals appear to agree with the holding below. The Ninth Circuit has interpreted the factor-other-than-sex defense as one enabling an employer to determine legitimate organizational needs and accomplish necessary organizational changes. *Maxwell* v. *Tucson*, 803 F. 2d 444, 447–448 (1986). Courts have reached similar holdings regarding the factor-other-than-sex defense under the Bennett Amendment to Title VII, 42 U. S. C. § 2000e–2(h). For example, the Court of Appeals for the Sixth Circuit has held that the defense includes factors that, at a minimum, were adopted for a legitimate business reason. See *EEOC* v. *J. C. Penney Co.*, 843 F. 2d 249, 253 (1988). See also *Kouba* v. *Allstate Ins. Co.*, 691 F. 2d 873, 876 (CA9 1982).

Respondent urges that we should not review this case because the decision of the Court of Appeals is not final. Respondent does not, and cannot, question this Court's jurisdiction to review a nonfinal judgment of a court of appeals under 28 U. S. C. § 1254(1). Rather, relying on cases cited in R. Stern, E. Gressman, & S. Shapiro, Supreme Court Practice 224 (6th ed. 1986), respondent urges only that it is not the ordinary practice of this Court to exercise its discretion to review a decision which is in this posture. However, "[w]here there is an important and clear-cut issue of law that is fundamental to the further conduct of the case and

that otherwise would qualify as a basis for certiorari, interlocutory status need not preclude review." *Michael* v. *United States,* 454 U. S. 950, 951 (1981) (WHITE, J., dissenting from denial of certiorari); see also *United States* v. *General Motors Corp.,* 323 U. S. 373, 377 (1945); *Gillespie* v. *United States Steel Corp.,* 379 U. S. 148, 153 (1964); *Land* v. *Dollar,* 330 U. S. 731, 734, n. 2 (1947); *Larson* v. *Domestic and Foreign Commerce Corp.,* 337 U. S. 682, 685, n. 3 (1949); Stern, Gressman, & Shapiro, *supra,* at 225. This is such a case.

I would grant certiorari to resolve the acknowledged conflict among the Circuits regarding the interpretation of the federal Equal Pay Act.