**Gus BEVONA, As president of Local 32B–32J Service Employees International Union, AFL–CIO, Petitioner–Appellant,**

v.

**820 SECOND AVENUE ASSOCIATES, Respondent–Appellee.**

**No. 1714, Docket 94–7094.**

United States Court of Appeals, Second Circuit.

Argued June 14, 1994.

Decided June 16, 1994.

Ronald A. Goldman, New York City (Paul H. Galligan, Manning Raab Dealy & Sturm, of counsel), for petitioner-appellant.

Steven G. Brody, New York City (Michael M. Gordon, Cadwalader, Wickersham & Taft, of counsel), for respondent-appellee.

Before: McLAUGHLIN and JACOBS, Circuit Judges, and WEINSTEIN, Senior District Judge.[*]

PER CURIAM:

Local 32B–32J Service Employees International Union, AFL–CIO (the "Union") appeals from orders entered in the District Court for the Southern District of New York (John S. Martin, *Judge*), (1) vacating an arbitration award for resolving an issue not covered by the applicable collective bargaining agreement, and (2) denying the Union's motion for reconsideration based on newly discovered evidence. We affirm.

## I.

The Union represents building service employees in New York City. The Union has a collective bargaining agreement ("CBA") with the New York Realty Advisory Board on Labor Relations, a multi-employer association that represents a number of New York City real property owners and managing agents, including respondent 820 Second Avenue Associates ("Associates"). The CBA states the terms and conditions under which Realty Advisory Board members such as Associates may employ building service workers.

The CBA provides the following:

**Article I, ¶ 1.** This agreement shall apply to all classifications of service employees employed by [Associates], excluding, except as otherwise provided herein, employees employed by cleaning and maintenance contractors.

. . . . .

**Article II, ¶ 1.** [Associates] shall not make any agreement or arrangement for the performance of work and/or for the categories of work heretofore performed by employees covered by this agreement

except within the provisions and limitations set forth below.

. . . . .

**Article II, ¶ 3.** [Associates] shall require the contractor to retain all bargaining unit employees working at the location at the time the contract was awarded and to maintain the existing wage and benefit structure. ("work preservation clause")

. . . . .

**Article VIII, ¶ 1.** A Contract Arbitrator shall have the power to decide all differences arising between the parties as to interpretation, application or performance of any part of [the CBA], and such other issues as are expressly required to be arbitrated before him. . . .

Until October 1992, Associates had contracted for Perfect Building Maintenance Corporation to clean 820 Second Avenue. Perfect employed seven workers at the site, and paid their wages and benefits. The contract between Associates and Perfect indicated that the workers would clean the building, run the freight elevator, and perform security duties in the lobby. Associates terminated the contract with Perfect in 1992, replacing it with Quality Cleaning, whose employees were represented by a different union. Quality did not retain any of the Perfect employees.

The Union pursued arbitration against Associates, which declined to attend. The arbitrator entered a default award in the Union's favor, and ordered Associates to reinstate the Perfect employees. The Union petitioned the New York State Supreme Court to confirm the award. Upon Associates' motion, the case was removed to federal district court.

Associates moved in the district court to vacate the arbitrator's award because the Perfect employees were independent cleaning contractors not covered by the CBA. Associates offered the court an affidavit from its property manager, which attested that the seven Perfect employees were the only service workers employed at 820 Second Ave-

[*] Honorable Jack B. Weinstein, of the United States District Court for the Eastern District of New York, sitting by designation.

nue. The Union cross-moved for summary judgment on its petition to confirm the award.

The district court granted Associates' motion and vacated the award, finding that the CBA does not oblige Associates to arbitrate the termination of the Perfect employees. The court stated that independent cleaning contractors are excluded from the CBA's coverage, and that the work preservation clause only covers those who do work " 'heretofore performed by employees covered by' the CBA." Because the Perfect employees are not covered by the CBA, the court concluded that the arbitrator did not have the power to adjudicate this dispute.

Subsequently, the Union discovered that, during the period the Perfect employees worked at 820 Second Avenue, Associates *directly* employed a superintendent and a handyman at the building. Associates submitted a reply affidavit attesting that these two employees worked on general maintenance and repair of the building, and did no cleaning. The Union, without contesting Associates' reply affidavit, moved for the district court to reconsider its decision on the basis of this newly discovered evidence. The court denied the motion.

## II.

Summary judgment is proper where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). We review the record *de novo* to determine whether an issue of material fact exists. *See Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992).

■ "A collective bargaining agreement is an effort to erect a system of industrial self-government" by providing arbitration as a means for settling disputes between labor and management. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 580, 80 S.Ct. 1347, 1351, 4 L.Ed.2d 1409 (1960) (Douglas, J.). To make the system work, all disputes between labor and management should proceed to arbitration, unless specifically excluded by the

agreement. *Id.* at 581, 80 S.Ct. at 1352. The issue whether a dispute has been excluded from the agreement is determined by the courts, not the arbitrator. *See AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986).

■ The Union primarily argues that the district court improperly granted summary judgment, claiming that the work preservation clause covers the Perfect employees, and that the arbitrator therefore had authority to adjudicate their termination. It acknowledges that the CBA does not cover independent cleaning contractors such as the Perfect employees unless a specific provision states otherwise. The Union claims, however, that the "categories of work" language in the work preservation clause makes this provision applicable to independent cleaning contractors when covered employees are performing the same services in the building. The Union then argues that the Perfect employees are covered by the CBA because they performed the same work—"cleaning and maintenance"—as the Associates' two employees, who *do* fall within the ambit of the CBA.

We agree with the Union that the work preservation clause contains an exception to the CBA's general limitation of coverage to service workers employed by the building owner. If an independent contractor and an employee of the building owner are both performing the same "category of work" at the building, the contractor is entitled to keep his job in the event the owner hires a new service contracting firm.

We disagree with the Union, however, that the Perfect employees fall within this exception. The Perfect employees cleaned the building, operated the freight elevator, and kept the lobby secure. In contrast, it is uncontested that the Associates' employees performed general maintenance and repair work, not cleaning. We find no similarity between the categories of work performed by these two groups of workers. Thus, the Perfect employees are not protected by the

work preservation clause, and the arbitrator had no power to adjudicate this dispute.

AFFIRMED.