**UNITED STATES of America, Plaintiff,**

v.

**William MITCHELL, et al., Defendants.**

**Civil Action No. 2:92cv942 (AWT).**

United States District Court,
D. Connecticut.

March 19, 1997.

John V. Cardone, U.S. Dept. of Justice, Washington, DC, Andrew D. Plepler, U.S. Dept. of Justice, Washington, DC, Carl J. Schuman, U.S. Attorney's Office, Hartford, CT, for Plaintiff.

Douglas J. McDade, Farmington, CT, Robert J. Percy, Siegel, O'Connor, Schiff & Zangari, Hartford, CT, for Defendants.

### RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THOMPSON, District Judge.

This is an action for the recovery of the income and Federal Insurance Contributions Act ("FICA") taxes withheld from the wages of the defendants' employees.[1]  *See* 26 U.S.C. § 6672.

---

1. Judgment by default was entered against defendants, William Mitchell and Donald Mitchell for

The plaintiff now moves for summary judgment pursuant to Fed.R.Civ.P. 56, arguing that there are no genuine issues of material fact, and that the plaintiff is entitled to judgment as a matter of law. The issues presented are: (i) whether there are genuine issues of material fact with respect to whether the defendants were persons who were required to collect, account for, and pay over the taxes withheld from the wages of the defendants' employees within the meaning of § 6672 (*i.e.*, "responsible persons"); and (ii) whether there are genuine issues of material fact with respect to whether the defendants willfully failed to collect, account for, and pay over the taxes withheld from the defendants' employees within the meaning of § 6672.

For the reasons set forth below, the court concludes that there are material issues of fact with respect to whether the defendants were responsible persons within the meaning of § 6672. Thus, the court does not reach the issue of whether the defendants willfully failed to collect, account for, and pay over taxes withheld from the defendants' employees.

Accordingly, the plaintiff's motion for summary judgment should be denied.

## I. *Facts*

Examination of the affidavits, exhibits, transcripts, and other supporting materials accompanying the motion for summary judgment and the response thereto discloses the following undisputed facts: [2]

On January 7, 1991, and June 3, 1991, the IRS assessed the defendant, Helen M. Knowles ("Mrs. Knowles"), pursuant to § 6672 of the Internal Revenue Code, for her willful failure as a responsible person to collect, "truthfully account for", and pay over to the United States the income and FICA taxes withheld from the employees of Mitchell Trucking, Inc. ("Trucking") and Mitchell Excavators, Inc. ("Excavators") during the sec-

ond and fourth quarters of 1988, and the first three quarters of 1989.

On December 24, 1990, and June 3, 1991, the IRS assessed the defendant, Elton J. Knowles ("Mr. Knowles"), pursuant to § 6672, for the same violations.

Excavators and Trucking have been operated for many years by members of the Mitchell and Knowles families. Excavators was organized in or about 1976 as a non-union trucking company. The operations of Excavators and Trucking are substantially the same, except that Excavators did not have to pay union scale.

Mrs. Knowles is the daughter of the founder of the business. Mr. Knowles is Mrs. Knowles' son.

Mrs. Knowles was the corporate secretary of Trucking until her resignation in July 1989. She never held a corporate office in Excavators. Mrs. Knowles' main duty for both companies was to process payroll. Specifically, she tabulated time cards and wrote out check stubs for the employees. Mrs. Knowles' responsibilities for the two companies were almost identical.

Mrs. Knowles had check writing authority for Trucking. She did not have check writing authority for Excavators.

A rubber stamp bearing Elton J. Knowles' signature existed. The stamp was kept in Mrs. Knowles' desk, and was available for use by those people working in the office, including herself.

Mrs. Knowles, on some occasions, would require an early payroll check from Excavators. On those occasions, she would write out her own payroll check from the account of Excavators, and her secretary Diane Holt, whom Mrs. Knowles hired, would stamp the paycheck with Elton J. Knowles signature.

This practice occurred for five consecutive weeks during April and May 1989. In the

---

the time periods at issue in this action on September 13, 1993. Therefore, the above action applies to Helen M. Knowles and Elton J. Knowles, as the remaining defendants.

**2.** The parties in the present case have presented different versions of the facts regarding how

Trucking and Excavators were run. Resolutions of credibility conflicts and choices between conflicting versions of the facts are matters for the jury, not for the court on summary judgment. *See United States v. Rem*, 38 F.3d 634, 644 (2d Cir.1994).

last week, Mrs. Knowles wrote two checks to herself that were dated the same day.

Mrs. Knowles hired her secretary, Diane Holt.

Mrs. Knowles loaned the companies significant amounts of money over the years. In late 1988 and throughout 1989, she loaned personal funds to the companies for the purposes of permitting them to "make net payroll." She advanced her own funds to allow Trucking to post a $9,000 bond on a bid for a project.

Mrs. Knowles signed several Trucking checks for $1,000 that were made payable to petty cash. These checks were cashed and used to pay two employees on a cash basis to avoid government reporting requirements.

Mrs. Knowles was aware that the financial condition of the companies was desperate throughout the relevant time periods. Mrs. Knowles was aware that the company had a history of unpaid withholding taxes.

Mr. Knowles was employed by Trucking from 1981 through September 1, 1989, although he had responsibilities for both Trucking and Excavators.

Mr. Knowles was a signatory on the bank accounts of Trucking and Excavators and exercised his authority to sign checks.

Mr. Knowles was aware that the financial condition of the companies was bad in 1988 and 1989, and he discussed this matter with Mrs. Knowles during the relevant periods.

## II. *Legal Standard*

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute concerning a material fact is genuine " 'if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)), *cert. denied*, 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). If after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The court must view all inferences and ambiguities in a light most favorable to the nonmoving party. *See Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

## III. *Discussion*

### A. *Section 6672—Responsible Person*

The plaintiff contends that there are no genuine issues as to any material fact, and that it is entitled to summary judgment under § 6672(a).[3] Specifically, the plaintiff argues that the defendants were responsible persons within the meaning of § 6672. The defendants disagree.

"[A] party may be liable [under § 6672] for unpaid withholding taxes if: first, [he or she is] the *'responsible person'* for collection and payment of the employer's taxes, ... and second, [he or she] *'willfully'* failed to comply with the statute." *Fiataruolo v. United States*, 8 F.3d 930, 938 (2d Cir.1993) (citations omitted) (emphasis added).

Under the first prong of the test, courts generally take a broad view of who qualifies as a responsible person. *Id.* Such determination of responsibility is based upon the individual's "status, duty and authority" to insure compliance with the employer's tax

---

3. Section 6672 imposes personal liability for unremitted taxes upon:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or

defeat any such tax or the payment thereof, shall in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a) (in pertinent part).

withholding obligations. *Id.* at 939 (quoting *Raba v. United States,* 977 F.2d 941, 943 (5th Cir.1992)). The core question "is whether the individual has *significant control* over the enterprise's finances." *Fiataruolo,* 8 F.3d at 939 (quoting *Hochstein v. United States,* 900 F.2d 543, 546 (2d Cir.), *cert. denied,* 504 U.S. 985, 112 S.Ct. 2967, 119 L.Ed.2d 587 (1992)) (emphasis added). "[S]ignificant control does not … translate into a requirement of absolute authority." *Fiataruolo,* 8 F.3d at 939. Section 6672(a) is "not meant to snare those who have merely technical authority or titular designation." *Fiataruolo,* 8 F.3d at 939.

Many factors are examined to determine whether an individual has the requisite significant control over an enterprise to be found a responsible person within the meaning of § 6672. *Fiataruolo,* 8 F.3d at 939. The factors that must be examined include whether the person:

(1) is an officer or member of the board of directors, (2) owns shares or possesses an entrepreneurial stake in the company, (3) is active in the management of day-to-day affairs of the company, (4) has the ability to hire and fire employees, (5) makes decisions regarding which, when and in what order outstanding debts or taxes will be paid, (6) exercises control over daily bank accounts and disbursement records, and (7) has check-signing authority.

*Id.* The question of control over the employer's finances must be answered in light of the totality of the circumstances; no one factor is determinative. *Id.* The fact that others in the corporation may also have been responsible under § 6672 does not relieve a person of responsibility. *Roth v. United States,* 567 F.Supp. 496, 498–99 (E.D.N.Y.), *aff'd,* 742 F.2d 1434 (2d Cir.1984).

### 1. *Mrs. Knowles*

The plaintiff contends that Mrs. Knowles satisfies the requirements for being a responsible person within the meaning of § 6672. Specifically, the plaintiff puts forth the following examples to illustrate the "significant control" Mrs. Knowles exercised over the financial affairs of the companies: (i) Mrs. Knowles was a corporate officer of Trucking; (ii) although she was not an officer or director of Excavators, she was paid by Excavators, rather than by Trucking, and her job duties (*i.e.,* managing the payroll) were the same for both Trucking and Excavators; (iii) Mrs. Knowles was a signatory on the checking accounts of Trucking, and she exercised her authority to sign checks; (iv) Mrs. Knowles had the authority to use or direct the use of the signature stamp for Excavator's checks, and exercised such authority; (v) Mrs. Knowles unilaterally determined when she would receive an early paycheck; (vi) she hired employees responsible for the bookkeeping operations of the companies; (vii) Mrs. Knowles signed a loan agreement on behalf of Trucking for the purchase of a piece of equipment; and (viii) Mrs. Knowles loaned substantial amounts of money to the companies over the years.

Mrs. Knowles, in response to the plaintiff's motion for summary judgment, submits numerous affidavits and depositions contending that she is not a responsible person within the meaning of § 6672.

First, Mrs. Knowles contends that although she was an officer in Trucking she never had any "clear, decisive role" in determining either the finances or business direction of the company.

Second, Mrs. Knowles asserts that she had no ownership interest in either company and no authority over either company's policies.

Third, Mrs. Knowles asserts that William Mitchell appears to have run both companies himself. Specifically, she asserts that William Mitchell supervised the estimators, was in charge of customer relations, received and acted on all of the daily mail and correspondence, handled the headquarters and plant expansion in 1982, took care of most equipment purchases and was present at all times when payroll taxes were not made to the IRS.

Fourth, Mrs. Knowles claims that she performed only limited hiring. At most, she hired one or two assistants to help her with filing and payroll computations. Mrs. Knowles further asserts that the limited hiring she did do was done with William Mitchell's permission.

Fifth, Mrs. Knowles asserts that she did not exercise substantial discretion with respect to the payment of bills. She further asserts that William Mitchell received the mail and told her what to do. Moreover, Mrs. Knowles asserts that she was not responsible for payment of payroll taxes.

Sixth, Mrs. Knowles claims that she did not know what funds or balances were in the accounts of companies, unless requested to find out, and that she was never in charge of paying payroll taxes to the IRS.

Seventh, Mrs. Knowles asserts that it is generally acknowledged that she had no check signing authority for Excavators. Furthermore, she contends that her check signing authority for Trucking was limited. She worked at the direction of William Mitchell, and looked principally to him for the authorization to sign checks.

Eighth, Mrs. Knowles asserts that she only loaned money to William Mitchell or the companies when Mitchell requested or demanded such loans.

█ Drawing all inferences in favor of Mrs. Knowles and viewing the issue of whether Mrs. Knowles had significant control over the finances of Trucking and Excavators in light of the totality of the circumstances, the court concludes that genuine issues of material fact exist with respect to whether Mrs. Knowles was a responsible person within the meaning of § 6672. Therefore, the plaintiff's motion for summary judgement should be denied. Accordingly, the court does not address the further issue as to whether Mrs. Knowles acted willfully within the meaning of § 6672.

### 2. *Elton Knowles*

The plaintiff also contends that Mr. Knowles satisfies the requirements for being a responsible person within the meaning of § 6672. Specifically, the plaintiff argues that the following material facts illustrate the "significant control" Mr. Knowles exercised over the financial affairs of Trucking and Excavators: (i) Mr. Knowles was employed by Trucking from 1981 through September 1, 1989, but he had responsibilities for both companies; (ii) Mr. Knowles was Mrs.

Knowles' son; (iii) Mr. Knowles was a signatory on the bank accounts of both companies and exercised his authority to sign checks; and (iv) Mr. Knowles was aware that the financial condition of the companies was bad in 1988 and 1989, and he discussed this matter with his mother, Mrs. Knowles, during the relevant periods.

Mr. Knowles asserts that he does not qualify as a responsible person within the meaning of § 6672. Specifically, Mr. Knowles contends that "given how the companies were run [signature authority] alone is not enough to find [Mr. Knowles] is a responsible person under section 6672." Defs.' Mem. in Opp. [doc. # 29] at 6. Moreover, Mr. Knowles asserts, among other things, that: (i) he was not an officer, director, or shareholder of Trucking or Excavators; (ii) William Mitchell would instruct him as to which creditors were to be paid; (iii) Mr. Knowles did not have a financial stake in the company; (iv) Mr. Knowles did not decide which creditors would be paid and how much they would be paid; and (v) Mr. Knowles had no authority to hire or fire any employees of Trucking or Excavators.

Drawing all inferences in favor of Mr. Knowles and viewing the issue of whether Mr. Knowles had significant control over the finances of Trucking and Excavators in light of the totality of the circumstances, the court concludes that genuine issues of material fact exist with respect to whether Mr. Knowles was a responsible person within the meaning of § 6672. Therefore, the plaintiff's motion for summary judgment should be denied. Accordingly, the court does not address the further issue of whether Mr. Knowles acted willfully within the meaning of § 6672.

### IV. *Conclusion*

For the foregoing reasons, the plaintiff's Motion for Summary Judgment [doc. # 22] is hereby DENIED.

It is so ordered.