Kimberly JANCEWICZ, Plaintiff,

v.

SOUTHERN NEW ENGLAND TELE-
PHONE COMPANY and Connecticut
Union of Telephone Workers, Defen-
dants.

No. 3:97CV1949 (WWE).

United States District Court,
D. Connecticut.

June 28, 1999.

Leon M. Rosenblatt, David S. Rintoul,
Rintoul & Rintoul, West Hartford, CT, for
Plaintiff.

J. William Gagne, Jr., Jason W. Cohen,
J. William Gagne & Assoc., Wethersfield,
CT, for Defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT OF CONNECTICUT UNION AND TELEPHONE WORKERS

EGINTON, Senior District Judge.

### INTRODUCTION

Plaintiff Kimberly Jancewicz brings this action against the Connecticut Union of Telephone Workers ("Union"), alleging breach of the duty of fair representation by the Union when it refused to pursue grievances filed by her, due to a recent arbitral decision which disallowed grievances by probationary employees. Plaintiff was such a probationary employee. The Union now moves for summary judgment, asserting that she cannot seek the damages for which she prays in her claim for relief, as she has already been made whole by her settlement with Southern New England Telephone Company ("SNET") before the National Labor Relations Board ("NLRB"). Although SNET is a named defendant, there are no causes of action alleged against it in the complaint.

### STATEMENT OF FACTS

The Court sets forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, this Motion.

On August 2, 1996 plaintiff Kimberly Jancewicz commenced full time employment as a competitor operator at defen-

dant Southern New England Telephone Company ("SNET"). The first six months of a new competitor operator's employment is a trial period. After her first six months, plaintiff was advised by her supervisor that her probationary period would be extended for three months and that she would not receive a raise because she had a "negative attitude". Plaintiff, with the help of two union representatives then filed two grievances, one concerning her extended trial period and one concerning the treatment of her by her supervisor.

On March 13, 1997 plaintiff was called into another meeting with her supervisor, which plaintiff refused to attend without union representation present. She was then fired for insubordination. Plaintiff was terminated during her probationary period.

By letter dated April 18, 1997, the Union informed plaintiff that a recent arbitral decision had held that an employee could not grieve a termination which occurred during the trial period; therefore, the Union would not pursue any grievance on her behalf, including that of her termination.

In April, 1997, plaintiff filed charges against SNET and the Union with the National Labor Relations Board. The charge against the Union, which she later withdrew, alleged breach of the duty of fair representation. She effected a generous settlement with SNET.

This litigation followed, in which plaintiff seeks damages which could not be awarded by the NLRB as against the Union inasmuch as she dropped her claim against the Union during the NLRB proceedings.

### LEGAL ANALYSIS

In a motion for summary judgment the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). See also *Anderson v. Liberty Lobby*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23, 106 S.Ct. 2548. *Accord, Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d. Cir.1995) (movant's burden satisfied by showing if he can point to an absence of evidence to support an essential element of nonmoving party's claim).

The court is mandated to "resolve all ambiguities and draw all inferences in favor of the nonmoving party. . . ." *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.), *cert. denied*, 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

In this case, plaintiff seeks to recover damages from the Union, in addition to the settlement she has received from SNET. This she cannot do. A plaintiff is not entitled to recover additional compensation for an injury which has been fully compensated by another defendant. *Bender v. City of New York*, 78 F.3d 787, 793 (2d Cir.1996). In her settlement of this matter with SNET, plaintiff received reinstatement with full seniority and all back pay, child care expenses, educational aid, as well as improved hours and expunging from her records all mention of her termination, which termination was the basis of this suit. Thus, she has been made whole by this settlement.

In response to interrogatories, plaintiff averred that the only damages she still sought against the Union were those for emotional distress. However, claims for emotional distress under the three counts against the Union are not permitted. *See Rodonich v. House Wreckers Union Local 95 of Laborers' Intern. Union,* 817 F.2d 967 (2d Cir.1987) (absent showing of physical injury, damages for emotional distress disallowed under Labor–Management Reporting and Disclosure Act).

As to the remaining two counts, they are to be construed as breach of contract actions against the Union. *United Association of Journeymen and Apprentices v. Local 334, United Association of Journeymen and Apprentices,* 452 U.S. 615, 619–623, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981). Emotional and mental distress is generally not compensable in a breach of contract action. *Marcella v. ARP Films, Inc.,* 778 F.2d 112, 119 (2d Cir.1985). The only relief plaintiff seeks from the Union for its alleged breach of the union contract is unavailable to her. Accordingly, the Motion for Summary Judgment [Doc. No. 27] is GRANTED. The Clerk is directed to close this case.

SO ORDERED.