Edward HOFFMAN, Plaintiff,

v.

TOWN OF SOUTHINGTON, Defendant.

No. 3:96–CV–2012(WWE).

United States District Court,
D. Connecticut.

July 9, 1999.

---

---

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

### INTRODUCTION

Plaintiff Edward Hoffman ("Hoffman"), brings this lawsuit against defendant Town of Southington (the "Town"), alleging that the Town has violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"). The ADA claim is based on the fact that Hoffman, a parks laborer for the Town, has been medically determined to be unable to perform one of his job responsibilities, i.e., snow plowing or snow shoveling. The Town, in response to this medical information, places plaintiff on leave each year for the snow season, during which he must use his accrued leave and sick days.

Plaintiff asserts that he is disabled within the meaning of the ADA and that being put on leave during the snow season is an unreasonable accommodation for his disability.

Plaintiff's ADEA claim is based on the fact that, in a grievance settlement agreement, the Town required that he retire at age sixty-five. Plaintiff alleges that he signed the agreement "under duress". Following the commencement of this lawsuit, the Town wrote to Hoffman, advising him that he need not retire at age sixty-five and that he could continue to work for as long as he wanted.

Defendant has moved for summary judgment on both claims.

### STATEMENT OF FACTS

The statement of facts is distilled from the complaint, the parties' moving papers and exhibits thereto, and their Local Rule 9(c) statements. The Court sets forth only facts those deemed necessary to an understanding of the issues raised in, and decision rendered on, this Motion.

At all times relevant to this case, plaintiff was employed by the Town as a parks laborer. His job description states that "Typical Work Activities" include, *inter alia,* seeding, planting, fertilizing, weeding, roto-tilling and otherwise maintain flower beds, gardens, ball fields, lawns and other park areas; mowing lawns and cutting brush, trees, hedges, and shrubbery, plowing snow, etc.; raking leaves and other debris in park areas, erecting and removing seasonal decorations; removing litter and emptying trash containers. Under "Knowledge, Skill, Ability, and Personal Characteristics", the job description states "ability to use and maintain simple tools and light powered equipment usual to building and grounds maintenance ... ability to work under unpleasant workings conditions" and "sufficient physical strength and stamina as is necessary to perform the duties of the class."

In the fall of 1993, plaintiff suffered a heart attack. In March, 1994, the plaintiff and the Town were advised by plaintiff's physician that plaintiff could resume normal duties at work, with the exception of plowing or shoveling snow. A second letter from plaintiff's physician reiterated that restriction. Plaintiff's physician continues to state that plaintiff may perform all of the duties of his job except snow removal.

The plaintiff returned to work in April, 1994. By letter dated November 30, 1994, the Town terminated the plaintiff's employment effective December 1, 1994, because of the plaintiff's continued inability to perform snow removal. Plaintiff's union filed a grievance contesting this action by the Town. In January, 1995, the plaintiff, the union and the Town entered into a settlement of the grievance. The settlement provided that plaintiff could return to his job, with no loss of seniority or benefits. It also provided that during a twelve week snow season from December to March, in which snow removal duties would be required, plaintiff would take leave, using his accumulated sick and vacation time in order to be paid over that period.

During his deposition, plaintiff testified that since returning to work he has been able, and continues to be able, to perform every responsibility in his job description, with the exception of snow removal. He further testified that he has no trouble performing any of the non-snow removal job duties which he is required to perform. Plaintiff understood that he could retire whenever he wished and need not retire at age 65 or any other age. The retirement decision is to be his alone.

### *LEGAL ANALYSIS*

#### I. *The Standard of Review*

In a motion for summary judgment the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). See also *Anderson v. Liberty Lobby*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. *Celo-tex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23, 106 S.Ct. 2548. *Accord, Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d.Cir.1995) (movant's burden satisfied by showing if it can point to an absence of evidence to support an essential element of nonmoving party's claim).

The court is mandated to "resolve all ambiguities and draw all inferences in favor of the nonmoving party...." *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.), *cert. denied*, 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). If the nonmoving party submits evidence which is "merely colorable", or is not "significantly probative," summary judgment may be granted. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505.

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 247–48, 106 S.Ct. 2505 (emphasis in original).

#### II. *The Standard As Applied*

#### A. *The ADA Claim*

The ADA prohibits discrimination by covered entities against qualified individu-

als with a disability. The Town is such a covered entity.

Specifically, the ADA provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is identified as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." § 12111(8). In turn, a "disability" is defined as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such an individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

§ 12102(2).

Accordingly, to fall within this definition one must have an actual disability (subsection (A)), have a record of disability (subsection (B)), or be regarded as having one (subsection (C)).

The EEOC has issued regulations to provide additional guidance regarding the proper interpretation of the term "disability."

The EEOC regulations interpreting the ADA define the three elements of a disability: (1) a physical or mental impairment, (2) which substantially limits any of (3) major life activities. A physical impairment includes . . . a cardiovascular illness. The term "substantially limits" means unable to perform a major life activity that the average person in the general population can perform; or significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared

to the condition, manner, or duration under which the average person in the general population can perform that same major life activity. Major life activities mean functions as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. 29 CFR § 1630.2 *et seq.*

In *Sutton v. United Airlines Inc.,* —— U.S. ——, 119 S.Ct. 2139, —— L.Ed.2d —— (1999), severely myopic job applicants brought a claim under the ADA, challenging an airline's minimum vision requirement for global pilots. The Supreme Court held that: (1) corrective and mitigating measures should be considered in determining whether an individual is disabled under the ADA; (2) these applicants were not disabled under the ADA; and (3) applicants failed to state a claim that the airline considered them disabled. The Court noted that the alleged disability must substantially limit a major life activity and the fact that these applicants could apply for other types of pilot jobs did not substantially limit their ability to work. "Substantially limits" requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs. "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Sutton v. United Airlines, Inc.,* 119 S.Ct. at 2151 *quoting* EEOC regulation § 1630(j)(3)(i).

■ Applying the mandates of *Sutton,* the present plaintiff has not stated a claim with regard to Subsection (A) of the disability definition, that is, whether he has alleged that he possesses a physical impairment that substantially limits him in one or more major life activities. 42 U.S.C. § 12102(2)(A). He is not substantially limited in his major life activity of work. As he testified at his deposition, and in compliance with the *de minimis* restriction of his treating physician, he can perform his other required work duties as well as he ever could. The corrective and mitigating factor of his leave during snow

removal season also is indicative of his lack of disability.

■ The determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the impairment the person has but rather on the effect of that impairment on the life of the individual. The only effect on plaintiff's life is that he is medically required not to plow or shovel snow. The Court finds that plaintiff is not disabled under the statutory definitions, the EEOC interpretations thereof, *Sutton*, and *Murphy v. United Parcel Service Inc.*, —— U.S. ——, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999) (plaintiff not "disabled"; inability to perform one particular job insufficient as matter of law to prove plaintiff regarded as substantially limited in the major life activity of working).

Accordingly, plaintiff is not a disabled person within the strictures of the ADA.[1]

### B. *The ADEA Claim*

The Court holds that plaintiff fails to set forth a viable claim under the ADEA, as the Town has told him he need not retire at the specific age of sixty-five, but may continue to work for as long as he chooses. Accordingly, the ADEA claim is rendered moot.

### CONCLUSION

Inasmuch as plaintiff has failed to set forth a showing sufficient to establish the existence of an element essential to his case and upon which he would bear the burden at trial, the Town's Motion for Summary Judgment [Doc. No. 37] is GRANTED.

The Clerk is directed to enter judgment for defendant herein and to close this case.

SO ORDERED.

---

1. Even if the Town considered him to be disabled, the accommodation of leave during snow season is a reasonable one.