Theodore R. DUSANENKO, Nicholas A. Longo, and Robert M. Maidman, Plaintiffs-Appellants,

v.

John R. MALONEY, Charles E. Holbrook, William J. Carey, and The Town of Clarkstown, Defendants-Appellees.

No. 383, Docket 83-7355.

United States Court of Appeals, Second Circuit.

Argued Nov. 22, 1983.

Decided Jan. 27, 1984.

David MacRae Wagner, New City, N.Y., for plaintiffs-appellants.

James L. Fischer, New York City (Thomas W. Hyland, Robert F. DiUbaldo, Wilson, Elser, Edelman & Dicker, New York City, on brief), for defendants-appellees.

Before FRIENDLY, MANSFIELD and KEARSE, Circuit Judges.

PER CURIAM:

Plaintiffs Theodore R. Dusanenko, Nicholas A. Longo, and Robert M. Maidman appeal from so much of a judgment of the United States District Court for the Southern District of New York, Charles L. Brieant, Jr., *Judge,* as summarily dismissed their claims under 42 U.S.C. § 1983 (1976) and the First and Fourteenth Amendments to the Constitution. Plaintiffs alleged that the individual defendants, acting in their capacity as a majority of the Town Board of defendant Town of Clarkstown, New York, had deprived plaintiffs of public position or remuneration solely for political reasons.[1] On appeal, plaintiffs contend that the court should not have granted summary judgment because there exist genuine issues of material fact to be tried. In light of plaintiffs' failure to raise any such issues in an appropriate manner, we affirm the judgment dismissing their complaint.

---

1. The complaint also asserted that defendant William J. Carey had discriminated against Maidman on the basis of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (1976). This claim too was summarily dismissed by the district court, and plaintiffs originally appealed that dismissal as well. They have, however, withdrawn their appeal from the ADEA ruling.

## BACKGROUND

Dusanenko became Supervisor of the Town of Clarkstown ("Supervisor") in 1980 and was reelected to that position in November 1981. Longo, who was defeated in a November 1981 bid for reelection as a town councilman, was appointed confidential secretary to the Supervisor as of January 1, 1982. Maidman was, until December 31, 1981, a deputy town attorney for Clarkstown. Defendants John R. Maloney, Charles E. Holbrook, and William J. Carey were elected in November 1981 to three of the five positions on the town council of Clarkstown; their terms began on January 1, 1982. The complaint alleged that at a town council meeting on January 4, 1982, the individual defendants, acting purely for politically vindictive reasons, (1) reduced the salary of the Supervisor (Dusanenko) from $39,900 to $20,000; (2) reduced the salary of the Supervisor's confidential secretary (Longo) from $15,730 to $7,500; and (3) refused to reappoint Maidman as deputy town attorney.

Defendants moved for summary judgment pursuant to Fed.R.Civ.P. 56, supporting their motion with an affidavit from each individual defendant. Pursuant to Rule 3(g) of the Local Rules of the Southern District of New York,[2] defendants' motion included a statement of the material facts as to which they contended there were no genuine issues to be tried. This statement included the following assertions:

19. Prior to the general election of 1981, Dusanenko had asked the council to adopt a budget which raised his salary from approximately $29,000 to $39,000, because, although Dusanenko was a mathematics teacher at the school, he was on a leave of absence, and the job of supervisor was a full-time job. The council fulfilled his request. After the election, the Clarkstown school board denied Dusanenko's request for an extended leave from his teaching position, and Dusanenko resumed teaching mathematics full-time. During 1981–82, Dusanenko also held the position of state legislator. With salaries from three jobs, including $39,000 for town supervisor, Dusanenko had an income of over $80,000 on the public payroll, which became a matter of public concern and discussion. At the reorganization meeting, the town council voted to reduce Dusanenko's salary as supervisor to $20,000.

. . . .

21. . . . Longo's appointment as confidential secretary changed the nature of the job from a secretarial to an undefined position.

. . . .

23. In June 1973, the New York Supreme Court, Appellate Division, publicly censured Maidman, who was then Town Justice of the Town of Clarkstown, for interfering in a criminal case against his former law partner and friend. The court decided that Maidman violated the Canons of Judicial Ethics, and that his conduct "reflected a lack of sensitivity, if not disregard, for the appearance of judicial propriety." *In the Matter of Maidman* [345] N.Y.S.2d 82, 42 A.D.2d 44 (1973) (Exhibit 5). In 1978, Maidman, still on the bench, was sued by the Securities and Exchange Commission for using his position as Vice President-Legal and General Counsel of the New York Susquehanna and Western Railroad Company to defraud the company for personal profit. This suit ended with a consent decree which enjoined Maidman from violating the securities laws. *SEC v. Maidman,* 78 Civ. 4971 (CSH) (S.D.N.Y., October 20, 1978) (Exhibit 6). In addition, in 1979, the five judges of the New York Supreme Court, Appellate Division, unanimously voted to suspend Maidman from the bench, for fixing tickets for friends, politicians and police officers. *In the Matter of Maidman,* 47 N.Y.2d fff (Ct. of the Judiciary 1979) (Exhibit 7).

---

**2.** Although defendants' statement was denominated a statement pursuant to "Rule 9(g)," Rule 9(g) had been renumbered "3(g)" in 1980.

The text of the rule is set out in pertinent part in the Discussion below.

Insofar as defendants sought dismissal of the § 1983 and constitutional claims, plaintiffs presented no affidavits or other factual materials in opposition to the motion.[3] Nor, apparently, did they request an opportunity to conduct discovery in order to obtain information with which to oppose the motion.

In an opinion reported at 560 F.Supp. 822 (1983), Judge Brieant granted defendants' motion for summary judgment dismissing the § 1983 and constitutional claims on the grounds (1) that the individual defendants, as local legislators, were absolutely immune from suit, and (2) that in any event, based on the uncontroverted facts adduced by defendants, plaintiffs had failed to establish a claim upon which relief may be granted. We affirm on the latter ground.

## DISCUSSION

Both the Federal Rules of Civil Procedure and the Local Rules of the district court place certain burdens on a party who opposes a motion for summary judgment. Fed.R. Civ.P. 56(e) provides in pertinent part as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Local Rule 3(g) elaborates on this requirement by providing as follows:

> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.
>
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

Plaintiffs in the present action made no showing warranting the denial of summary judgment on their § 1983 and constitutional claims. They presented no affidavits or other evidence to controvert any of the pertinent assertions in defendants' moving papers. Rather, they relied merely on the assertions of their complaint that the actions of the defendants were motivated solely by political vindictiveness. Thus, their memorandum of law stated that "plaintiffs continue to maintain that these actions were *solely* politically motivated," (Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at 1 (emphasis in original)), and asserted conclusorily that the facts set forth by defendants "are disputed as far as plaintiffs are concerned" (*id.* at 1), and "do not comport with the facts as alleged by plaintiffs" (*id.* at 2). Plaintiffs' presentation plainly did not comport with Rule 56(e).

Nor did plaintiffs serve any statement pursuant to Local Rule 3(g) to set forth any material fact as to which they contended a genuine issue remained to be tried. Consequently, the facts set forth in defendants' Rule 3(g) statement were properly deemed admitted. Those facts established adequate nonpolitical reasons for the actions complained of, and entry of summary judgment dismissing the complaint was therefore appropriate.

Since we affirm on this basis, we need not reach the immunity questions discussed by the district court.

## CONCLUSION

The judgment dismissing the complaint is affirmed. Defendants' motion for double costs on this appeal is granted.

---

**3.** Maidman submitted a brief affidavit with respect to the ADEA claim adverted to in note 1 *supra.*