Frank GENDALIA, Felix N. Fidelibus, and Stella Rathgeb, Plaintiffs,

v.

Donald GIOFFRE, Fred Gioffre, John Colangelo and Anthony J. Zaccagnino, individually and as Members of the Town Council of the Town of Rye, New York, Anthony J. Posillipo, individually and as Supervisor of the Town of Rye, Aldo Vitagliano, individually and as Town Attorney of the Town of Rye, and the Town of Rye, a Municipal Subdivision of the State of New York, Defendants.

Domenick J. PATAFIO, Plaintiff,

v.

Donald GIOFFRE, Fred Gioffre, John Colangelo and Anthony J. Zaccagnino, individually and as Members of the Town Council of the Town of Rye, New York, Anthony J. Posillipo, individually and as Supervisor of the Town of Rye, Aldo Vitagliano, individually and as Town Attorney of the Town of Rye, and the Town of Rye, a Municipal Subdivision of the State of New York, Defendants.

Nos. 83 Civ. 4069 (RWS), 83 Civ. 4239 (RWS).

United States District Court, S.D. New York.

March 31, 1986.

Monroe Yale Mann, Port Chester, N.Y., for plaintiffs.

McCarthy, Fingar, Donovan, Drazen & Smith, White Plains, N.Y., for defendants; Michael F. Sirignano, of counsel.

OPINION

SWEET, District Judge.

Plaintiffs Frank Gendalia ("Gendalia"), Felix N. Fidelibus ("Fidelibus") and Stella Rathgeb ("Rathgeb") in an action (83 Civ. 4069) and Domenick J. Patafio ("Patafio") in a related action (83 Civ. 4239) (collectively the "Employees") seek damages under 42 U.S.C. §§ 1983, 1985, 1986 and 28 U.S.C. § 1343 for deprivation of property without due process and arising out of the failure of the defendants Donald Gioffre, Fred Gioffre, John Colangelo and Anthony J. Zaccagnino, individually and as members of the Town Counsel of the Town of Rye, New York, Anthony J. Posillipo, individually and as Supervisor of the Town of Rye, Aldo Vitagliano, individually and as Town Attorney of the Town of Rye, and the Town of Rye, a Municipal subdivision of the State of New York (collectively the "Town defendants") to pay the Employees' claims for certain unused vacation and sick time. Upon the findings and conclusions

set forth below, judgment will be entered dismissing the complaints.

**Prior Proceedings**

These actions were filed on May 26, 1983 and June 3, 1983. In an opinion of March 29, 1985, The Town defendants' Fed.R. Civ.P. Rule 12(b) motion to dismiss the complaints was granted for failing to state a federal claim. Leave to replead was granted, the opinion stating: "It may be that the employees seek to enforce their First Amendment rights under *Elrod v. Burns,* 427 U.S. 347 [96 S.Ct. 2673, 49 L.Ed.2d 547] (1976)."

An amended complaint was filed on June 3, 1985 seeking a) declaratory judgment that the defendants' alleged practices violate plaintiffs' First Amendment rights; b) injunctive relief prohibiting such alleged illegal practices; c) a directive requiring the posting of notices of the final determination in this case; d) compensatory damages totaling $242,227.96; e) exemplary damages totalling $4,000,000.00, and costs and expenses; and f) counsel fees. The Town defendants interposed their answer, denying the material complaint, and interposing fourteen separate affirmative defenses. Discovery was completed and a bench trial was held on December 11 and 12, 1985. Final argument was heard on January 24, 1986 and post trial submissions received. The Employees have also commenced a state court action arising out of these facts which is still pending.

**Facts**

For several years prior to 1983, Gendalia was employed by the Town of Rye as Police Chief, Fidelibus as Town Engineer, Rathgeb as Account Clerk and Patafio as Comptroller. By public referendum, the unincorporated area of the Town of Rye known as the Rye Brook area voted to become a municipality known as the Village of Rye Brook, New York, effective June 1, 1983. The new village organized a police department, engineering department, a financial office and other municipal departments to assume the functions previously performed for the Rye Brook area by the Town of Rye and offered Gendalia,

Fidelbus and Rathgeb an opportunity to transfer their employment to the Village of Rye Brook at their existing salaries with the same job functions but without credit for accumulated vacation or sick days. Patafio did not transfer to the village but retired instead. The other three plaintiffs accepted the transfer offer and are presently in the employ of the Village of Rye Brook.

The Employees made claims to the Town of Rye for payment of unused sick and vacation days totaling $242,227.96. Patafio seeks compensation for 773 days dating back to 1958. Fidelibus claims a total of 601.25 days of accumulated time from 1965. Gendalia seeks payment for 505 days since 1970. Rathgeb claims 263 days dating from 1968. There was testimony that these claims were based in part on the oral undertaking by the Town Superintendent, Posillipo, that the claims would be paid.

After the presentation of the claims and some informal discussion with some of the members of the Town Council, no action was taken. An opinion was sought from the Town Attorney who reviewed certain of the controlling statutes and concluded in a memorandum dated March 15, 1983 that "the town council had no authority to approve the claims as submitted." After the failure of one of the efforts to settle the dispute, the Employees were told to get a lawyer, but then advised that as long as counsel had been retained, no resolution could be achieved.

On the agenda of the meeting of the Town Council of Rye for May, 1983, appeared an item "Abolition of Positions" which included the positions of the Employees. However, no action was taken, and the matter was not thereafter dealt with by any formal action of the Town Council. Meanwhile, the claims of other employees similarly situated were resolved. The claim of the retiring Comptroller Philip Gasparini was resolved for $5,200 at approximately 50% of his claim. Joseph Santasero's claim was resolved for $15,000, as were claims of other employees, all prior in

time to the claims of the Employees, except for Margaret Tedesco and Philip Gasperini whose claims were resolved after this dispute arose. The latter two employees are alleged to be Republicans and Tedesco's claim was paid in full.

The political activities of the plaintiffs disclosed various degrees of attachment to the Democratic party. Gendalia is a registered voter without party affiliation as is Rathgeb who, however, testified that she had assisted fund raising activities of the Democratic party. As further evidence of the political nature of the dispute, Rathgeb also recounted the injury she suffered at the hands of the Town Attorney who gave Rathgeb's claim to the press. The reporter who published the claim subsequently was hired as a confidential secretary to the Supervisor, defendant Gioffre. Fidelibus is a registered Democrat and has been an active district leader, as has been Patafio. Gendalia testified that he had been told in a conversation with Fred Gioffre that although he was not registered as a Democrat, he was regarded as a Democrat "deepdown" and "that's your problem." For the purposes of this action the Employees were considered to be members of, or affiliated with, or sympathetic to the Democratic party.

Patafio testified to an incident in 1982 when Fred Gioffre stated that "we'll break up that Democratic team." The Town defendants do not contest their membership in the Republican party but note that the two members of the Council who are Democrats have not been named as defendants. Neither of these unnamed Council members took formal action to have the Employees' claims paid.

The Town defendants both at trial and during settlement discussions have challenged the calculations advanced by the Employees. Gendalia's claim was based on his review of Police Department records, Rathgeb's claim by approval by her department head, Patafio and Fidelibus based their claims on records maintained with a varying degree of formality. While the adequacy of the record keeping advanced by the Employees was challenged by the Town defendants, there was no direct evidence presented as to the falsity of the claims. The collective bargaining agreement which controls the claims of certain Town employees (the so-called "Highway Contract") contains time limits for unused vacation and sick leave, limits which would be exceeded by certain of these claims. For the purposes of this federal cause it is assumed, without deciding, that the Employees have not been paid for an undetermined number of vacation and sick days which were unused and for which they were entitled to be paid by the Town of Rye at the time the Town of Rye Brook came into existence as an employer.

It is upon these facts that the Employees ground their claim that the Town defendants refused to settle their claims on a reasonable basis as a result of discrimination arising out of party affiliation.

**Conclusions**

The Employees seek protection and damages by applying the reasoning of *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) to these facts. There the plurality opinion stated that patronage, "to the extent it compels or restrains belief and association, is inimical to the process which undergirds our system of government and is 'at war with the deeper traditions of democracy embodied in the First Amendment.' *Illinois State Employers Union v. Lewis*, 473 F.2d [561] at 576 [ (7th Cir.1972) ]." 427 U.S. at 357, 96 S.Ct. at 2682. The Court held that patronage dismissals of nonconfidential, non-policymaking employees is unconstitutional under the First and Fourteenth Amendments. *Id.* The issue of patronage dismissals arose again in *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980) where the Court noted:

> To prevail in this type of an action, it was sufficient, as *Elrod* holds, for respondents to prove that they were discharged "solely for the reason that they were not affiliated with or sponsored by the Democratic Party."

445 U.S. at 517, 100 S.Ct. at 1294.

The parties have not cited any cases involving application of the *Elrod* principles

in any context other than discharge cases, a point emphasized by the Town defendants. They note particularly the decision of the Honorable Charles M. Brieant in *Dusanenko v. Maloney,* 560 F.Supp. 822, (S.D.N.Y.1983) which states:

> This Court believes that in light of our successful history in local government the mischievous reforms of *Branti* and *Elrod* should not be extended beyond the express and precise directions of the Supreme Court.

560 F.Supp. at 828.

However, to rely solely upon the distinction between a discharge and a refusal to pay a claim as a ground for denying the Employees relief would be mechanistic. What is at issue is the interconnection between the exercise of First Amendment rights and the grant of employment, or in the case, this case, the denial of a reasonable settlement. It is that connection which is found wanting here.

The Town defendants and the Employees, while citing the District Court in *Dusanenko,* have not referred to its affirmance in *Dusanenko v. Maloney,* 726 F.2d 82 (2d Cir.1984) which provides the basis for a resolution here. While the District Court clearly and colorfully described the history of town government in New York State, a subject on which his expertise and knowledge were demonstrated, the Court of Appeals failed to affirm on the immunity grounds urged and adopted at the trial level, holding that issue for a later day.

Instead the Court stated with respect to the defendants' Rule 3(g) statement, "Those facts established adequate nonpolitical reasons for the actions complained of...." *Id.* at 84. Here too are adequate reasons advanced for not settling the claims of the Employees. The Town defendants have demonstrated a number of colorable non-political grounds for objecting to payment to the Employees, including the total amount of the claims, the questions concerning the records upon which they are based, the applicability of various settlement formulas, the periods covered by the claims, the rates at which the claims

were to be calculated and the possible restrictions of controlling state law. Under *Dusanenko* if there exists a non-political basis for the action taken, whether or not there is a political motivation as well, the *Elrod v. Burns* claim fails.

That being so, there is no need to address again the immunity issue left open in *Dusanenko.* The Town defendants seek costs, disbursements and under Rule 11 attorney's fees. Costs and disbursements will be granted, and attorney's fees denied, particularly in light of the existing state court action, the probable validity of at least a portion of the state claim, and the emerging nature of an *Elrod v. Burns* claim.

The complaints will be dismissed and judgment will be entered on notice dismissing the complaints with costs and disbursements.

IT IS SO ORDERED.