Joan R. TUNNELL, Plaintiff,

v.

UNITED TECHNOLOGIES CORPORATION, PRATT & WHITNEY DIVISION, Defendant.

No. 3:97CV2261 (WWE).

United States District Court, D. Connecticut.

June 28, 1999.

Joan R. Tunnel, Wolcott, CT, pro se.

Lawrence S. Dressler, Bridgeport, CT, for Joan R. Tunnell.

Terri L. Stein, Day, Berry & Howard, Stamford, CT, Albert Zakarian, James W. Caley, Day, Berry & Howard, Hartford, CT, for United Tech. Corp.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

### INTRODUCTION

Plaintiff, Joan R. Tunnell, ("Tunnell"), brings this action pursuant to the Civil Rights Acts of 1964, as amended in 1991, 42 U.S.C. § 2000e, et seq., ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., (the "ADEA"). Plaintiff seeks $3,000,000 in money damages and declaratory relief.

Plaintiff is an African–American female currently employed by defendant Pratt & Whitney ("P & W") who at all relevant times was over the age of forty years. Tunnell alleges that P & W discriminated against her on account of sex, race and age when, on September 28, 1992, it demoted her from the salaried position of "Procurement Associate" (also known as "Procurement Analyst") to the hourly position of "Engine and Parts Inspector". Further, she alleges that P & W demoted another non-white female in the same unit, Bernice Crespo, at the same time and then gave both positions to David Hassan, a "substantially younger and less experienced male employee whose race and skin color is white." Such conduct, the complaint alleges, constitutes disparate treatment on the basis of the plaintiff's sex, skin color, race and age.

Defendant has moved for summary judgment.

### STATEMENT OF FACTS

■ The Statement of Facts filed by defendants is deemed uncontroverted due to plaintiff's failure to comply with Local Rule 9(c)(2), which requires a party opposing a motion for summary judgment to state "in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 9(c)(1) Statement whether each of the facts recently asserted by the moving party is admitted or denied". The Court could grant summary judgment based solely on plaintiff's compliance failure. See *Dusanenko v. Maloney,* 726 F.2d 82, 84 (2d Cir. 1984) (no filing in compliance with local rule; grant of summary judgment); *Wyler v. United States,* 725 F.2d 156, 158 (2d Cir.1983) (affirming grant of summary judgment); *Kusnitz v. Yale University School of Medicine,* 1998 WL 422903 (D.Conn.1998), aff'd. 1999 WL 319329 (2d Cir.1999) (affirming grant of summary judgment). *Accord, Scianna v. McGuire,* 1996 WL 684400 (D.Conn.1996) (granting summary judgment and holding that series of questions filed by plaintiff is insufficient compliance with Local Rule (c)(2)). For the sake of judicial equity, the Court will

briefly examine the merits of this case rather than grant this motion solely for non-compliance with the Local Rule. However, the Statement of Facts will be taken solely from defendant's complying Local Rule 9 Statement.

As noted earlier, plaintiff is an African-American female, who at all relevant times was over the age of forty. The plaintiff alleges that P & W discriminated against her on the basis of sex, race and age when it demoted her from the salaried position of Procurement Associate to the hourly position of Engine and Parts Inspector.

Plaintiff also alleges that another non-white female in the same unit was demoted and P & W gave both positions to a substantially younger and less qualified male employee, David Hassen, whose race and skin color is white.

The plaintiff's demotion was preceded by a period of dramatic economic decline at P & W. As part of P & W's cost-cutting initiatives, the Operations Manager at P & W's Overhaul and & Repair Center in Cheshire was given the task of identifying ways to create a more efficient operation. He determined that significant savings could be achieved through a consolidation of various functions in his Center, and through this consolidation, eleven salaried positions were eliminated. Personnel affected by that consolidation included nine white males, one black female and one Hispanic female, whose ages ranged from age thirty to age fifty seven. Of the eleven, three persons were actually separated and eight accepted demotions.

The Operations Manager next determined the potential for additional cost savings by consolidating the Materials Management Group for the JT9D, one jet engine business unit, with another Materials Management Group responsible for another jet engine business unit. Because each Group performed the same functions, the Operations Manger determined that the work previously performed by eight people could be performed by five people.

In deciding which three employees would be affected, the Operations Manager compared the experience levels of each of the eight employees in materials work and selected for separation those salaried employees having the least experience, including plaintiff who had just two years and five months of experience in materials work. At this time, plaintiff occupied a salaried Labor Grade 42 position as a Material Associate/Analyst.

The five salaried employees not affected by the 1992 downsizing each occupied a significantly higher Labor Grade position than the three salaried employees that were affected, and each had considerably more materials experience. Hassen was included in the group of employees not affected. He was a 34 year old white male who occupied the position of Senior Management Analyst at Labor Grade 46, with more than fourteen years of experience in materials work. Hassen worked mainly in master scheduling and in this capacity served as liaison with vendors with whom P & W had contracted to perform repairs on engine parts.

On September 16, 1992 two supervisors met privately with Tunnell. They explained to her that she was impacted by the downsizing because of her limited materials knowledge within the Overhaul Repair Center, rather than because of any problem with her performance. One of the supervisors offered plaintiff the option of lay off or demotion to an hourly position. The plaintiff chose the latter and she assumed the hourly position of Engine and Parts Inspector at Labor Grade 6, a position similar to that which she had held prior to becoming a salaried employee.

At the consolidation, a second Master Scheduler, Jose Rodriquez, who like Hassen occupied a Labor Grade 46 as a Senior Analyst, retained his own responsibilities and took over those formerly performed by Crespo, while Hassen took over plaintiff's responsibilities.

Since her demotion, plaintiff has received two promotions and consistently has earned more money than she did as a salaried employee.

In March, 1993, plaintiff filed a charge with the Connection Commission on Human Rights and Opportunities ("CCHRO"), alleging that P & W demoted her on account of her race, age and age. After a two and one-half year investigation, the CCHRO determined that plaintiff had improperly compared her situation to that of Hassen. Because the plaintiff and Hassen had different job responsibilities, different pay grades and different levels of job experience, the two could not considered "similarly situated." Consequently, the CCHRO issued a Finding of No Reasonable Cause. Plaintiff filed a motion for reconsideration but the CCHRO denied the relief requested. Three months later, the EEOC adopted the CCHRO's findings and issued a right to sue letter.

In her deposition, Tunnell testified that:

I was ... the only one in the position other than Ms. Crespo when they laid off both people that were in as a procurement analyst, and they gave the position to someone who didn't know the job.

This is the plaintiff's only reason for claiming that her 1992 demotion was discriminatory.

### LEGAL ANALYSIS

#### I. The Standard of Review

In a motion for summary judgment the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). See also Anderson v. Liberty Lobby, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322–23, 106 S.Ct. 2548. Accord, Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d.Cir.1995) (movant's burden satisfied by showing if he can point to an absence of evidence to support an essential element of nonmoving party's claim).

The court is mandated to "resolve all ambiguities and draw all inferences in favor of the nonmoving party...." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.), cert. denied, 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). If the nonmoving party submits evidence which is "merely colorable", or is not "significantly probative," summary judgment may be granted. Anderson, 477 U.S. at 249–50, 106 S.Ct. 2505. A scintilla of evidence in support of plaintiff's position is insufficient; there must be evidence from which a reasonable jury could find in her favor. Id. at 252, 106 S.Ct. 2505. In this regard, mere assertions and conclusions of the party opposing summary judgment are not enough to defeat a well-pleaded motion. Lamontagne v. E.I. DuPont de Nemours & Co., 834 F.Supp. 576, 580 (D.Conn.), aff'd 41 F.3d 846 (2d Cir.1994).

The Second Circuit has held that "the salutary purposes of summary judgment— avoiding protracted, expensive and harassing trials—apply no less to discrimination

cases than to commercial or other areas of litigation". *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.1985).

## II. *The Standard As Applied*

The elements of proof are the same under Title VII and ADEA. *Woroski v. Nashua Corp.,* 31 F.3d 105, 108–09 (2d Cir.1994). A party must set forth, first, her *prima facie* case and, after the defendant sets forth a legitimate, non-discriminatory reason for defendant's actions, the plaintiff must demonstrate that this reason is pre-textual and that the defendant intentionally discriminated against her in taking the negative action defendant took. "[T]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

A *prima facie* case under Title VII or ADEA consists of four elements:

1) that a plaintiff was in a protected class;
2) that she was qualified for the position at issue;
3) that she was demoted; and
4) that the demotion occurred under circumstances giving rise to an inference of discrimination.

*See Viola v. Philips Med. Sys.,* 42 F.3d 712, 716 (2d Cir.1994).

■ Although the burden on a plaintiff at this stage is *de minimus,* plaintiff fails to meet this *prima facie* case. There is no doubt that she was in a protected class. However, it is the second prong, qualifications, which she can not overcome because she was not qualified for one of the five salaried positions remaining after the reorganization. She does not allege in her complaint that she was so qualified. Instead, she alleges that "she performed her job of Procurement/Analyst not less than satisfactorily." Giving her all credence, as the Court must do at this stage of the litigation, she still fails to meet the qualifications requirement. The job open following the reorganization was much different than what she had been doing for two years and five months, at Grade Level 42. The job was given to a Senior Material Management Analyst at Labor Grade 46, who had more than fourteen years in this area. He was not only capable of doing the job required of him after the reorganization, he also performed the functions that were formerly plaintiff's. Plaintiff was not qualified to perform these complicated tasks.

■ There exists no disparate treatment here because she and Hassen were not "similarly situated", a requirement for such a claim. To be deemed "similarly situated," the individual with whom plaintiff seeks to compare her treatment must have had the same supervisor, have been subjected to the same standards and have engaged in the same conduct. *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583 (6th Cir. 1992). In this case, plaintiff and Hassen had different supervisors, different positions, different pay grades and much different levels of experience. The plaintiff cannot, therefore, claim disparate treatment.

## CONCLUSION

The mission of a motion for summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine issue for trial. Having done so in this case, the Court finds that plaintiff has presented no genuine issues of material fact and that summary judgment should be, and hereby is, GRANTED in favor of defendant [Doc. No. 23]

The Clerk is directed to close this case and enter judgment for defendant.

SO ORDERED