**MR. and Mrs. A., Plaintiffs,**

v.

**Dr. Mary Jane WEISS,
et al., Defendants.**

**No. 3:99–CV–954 EBB.**

United States District Court,
D. Connecticut.

Oct. 25, 2000.

William M. Laviano, Laviano Law Offices, Ridgefield, CT, for Plaintiffs.

David J. Elliot, Scott P. Myers, Day, Berry & Howard, Hartford, CT, for Defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT AS TO DR. WEISS

ELLEN B. BURNS, Senior District Judge.

### INTRODUCTION

The Plaintiffs, Mr. and Mrs. "A", on behalf of their son "A", have filed a five-count complaint against Rutgers University, which is the State University of New Jersey, and Dr. Mary Jane Weiss, in her personal capacity, alleging breach of fiduciary duty, professional malpractice and negligence, violations of the Family Educational Rights and Privacy Act ("FERPA"), violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), and tortious breach of contract. Defendant Dr. Weiss moved this Court to dismiss the above counts as they pertain to her pursuant to Fed.R.Civ.Proc. 12(b)(2), lack of jurisdiction over the person. Subsequently, this Court converted the Motion to Dismiss into a motion for Summary Judgment as to Dr. Weiss and ordered Local Rule 9 submissions.

### STATEMENT OF FACTS

The facts relevant to personal jurisdiction over Dr. Weiss in her personal capacity are gleaned from the Defendant's Rule 9(c)(1) Statement, Defendant's affidavits, deposition testimony, and due process hearing testimony.

In July 1994, Dr. Weiss was hired by Rutgers University, the State University of New Jersey, as the Director of the Rutgers Autism Program ("RAP"). RAP provides behavioral and educational consultation for children with autism. RAP may be obtained directly by parents or by school districts providing services to children. As the Director of the RAP, Dr. Weiss primarily supervises RAP employees in their clinical and administrative services to RAP clients, which included the Plaintiffs; in some circumstances she provides clinical services to certain RAP clients, which did **not** include Plaintiffs.

In March 1997, the Plaintiffs retained RAP to develop a home based program for their child, "A". The contract for these services was initially between Rutgers University and the Plaintiffs, and eventually, between Rutgers University and the Plaintiffs' school system. Bills for such services were sent into Connecticut to either Plaintiffs' home or to their school system. Dr. Weiss was not a party to the contracts, nor did she bill on behalf of herself for the services of RAP. Dr. Weiss was paid directly by Rutgers University for her services as the Director of RAP, not by the Plaintiffs or their school system.

At no time during the relationship between the Plaintiffs and RAP did Dr. Weiss provide any services to the Plaintiffs, other than as the Director of RAP. Dr. Weiss has neither discussed providing services to the Plaintiffs as a private clinical psychologist, nor entered into any contract with the Plaintiffs for providing such services. Dr. Weiss has neither discussed payment by the Plaintiffs for services as

their private clinical psychologist, nor received payment for such services. Indeed, Dr. Weiss has never met, visited with, examined, or even directly observed "A"; her only observation of "A" was the review of a video prepared by RAP employees. Dr. Weiss' only direct contacts with the Plaintiffs included a telephone conference call to discuss RAP's programming issues as they related to "A", and occasional telephone and mail communications with Plaintiffs discussing RAP services. These communiques did not directly involve "A".

Dr. Weiss is a resident of the State of New Jersey; she has never lived in or owned real property in Connecticut. Dr. Weiss is a licensed clinical psychiatrist in the States of New York and New Jersey. She is not licensed to practice in Connecticut, and has never, in her personal capacity, advertised or provided direct clinical or professional services to anyone in Connecticut. In fact, Dr. Weiss' only entries into Connecticut were her appearances, as the Director of RAP, on May 1 and July 1 of 1998, at a due process hearing regarding an action involving the "A"s and their school district which was implementing RAP.

## LEGAL ANALYSIS

### I. The Standard of Review

In a motion for summary judgment the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed.R.Civ. Proc. 56(c). See also *Anderson v. Liberty Lobby*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof ·at trial, then summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 322–23, 106 S.Ct. 2548. Accord, *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d. Cir.1995) (movant's burden satisfied if it can point to an absence of evidence to support an essential element of nonmoving party's claim).

The court is mandated to "resolve all ambiguities and draw all inferences in favor of the nonmoving party...." *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2nd. Cir.), *cert. denied* 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d. Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). If the nonmoving party submits evidence which is "merely colorable," or is not "significantly probative," summary judgment may be granted. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505.

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 247–48, 106 S.Ct. 2505 (emphasis in original).

However, in addition to the requirements of Fed.R.Civ.Proc. 56, parties to a summary judgment motion must follow the Local Rules of Connecticut. Local Rule 9(c)(1) imposes on the moving party the

requirement of annexing to the motion for summary judgment a "separate, short, and concise statement of material facts which are not in dispute." Local Rule 9(c)(2) places a parallel burden upon the resisting party to state "whether each of the facts asserted by the moving party is admitted or denied" and to include a "separate, short and concise statement of material facts as to which it is contended that there exists a genuine issue to be tried." Local Rule 9(c)(1) provides that the facts set forth by the moving party in accordance with that Rule shall be deemed admitted unless controverted by the opposing party in accordance with Rule 9(c)(2). Local Rule 9(c)(3) makes clear that these requirements are in addition to those of Fed. R.Civ.Proc. 56. In *Scianna v. McgGuire*, 1996 WL 684400 (D.Conn. March 21, 1996) (granting summary judgment), Judge Nevas held that a "purported" Rule 9(c)(2) statement, consisting of a series of five questions only, was insufficient to comply with the court's rules concerning the appropriate way to oppose a motion for summary judgment. "[This is] sufficient reason alone to accept the defendant's list of material facts as undisputed." *Id.* at *2.

█ The Court agrees completely with the rationale of Judge Nevas and his interpretation of our Local Rules. The purpose of a Rule 9(c)(2) Statement is to make affirmative statements which will aid and inform the Court. The submission of legal argument and conclusions of law, rather than a "separate, short and concise statement of material facts," and the failure to admit or deny the statements set forth by the moving party do not serve the purpose of Local Rule 9. The Court, accordingly, holds that the legal argument and conclusions of law set forth in Plaintiffs' Rule 9(c)(2) Statement, coupled with the Plaintiffs' failure to admit or deny the factual assertions by the Defendant, is a "statement" which is not in compliance with the Local Rules and is the equivalent of no filing at all. Accordingly, all facts set forth in Defendant's complying Rule 9(c)(1) statement will be deemed admitted by Plaintiffs for the purposes of the decision on this Motion. See also *Dusanenko v. Maloney*, 726 F.2d 82, 84 (2d. Cir.1984) (no filing in compliance with local rule; grant of summary judgment); *Wyler v. United States*, 725 F.2d 156, 158 (2d. Cir. 1983) (affirming grant of summary judgment); *Kusnitz v. Yale University School of Medicine*, 3:96–CV–02434 (EBB) (July 16, 1998) (granting summary judgment); *Corn v. Protective Life Ins. Co.*, 1998 WL 51783 (D.Conn. Feb. 4, 1998) (granting summary judgment); *Peterson v. Saraceni*, 1997 WL 409527 (D.Conn. July 16, 1997) (granting summary judgment); *Burrell v. Lucas*, 1992 WL 336763 (D.Conn. Oct.14, 1992) (summary judgment granted); *Soto v. Meachum*, 1991 WL 218481 (D.Conn. August 28, 1991) (granting summary judgment). However, this Court, in the exercise of judicial equity, will briefly examine the issue on its merits.

## II. *The Standard As Applied*

The issue raised in Defendant's Motion is whether this Court, sitting in diversity, can exercise personal jurisdiction over a Defendant, who is sued in her personal capacity, where she is a not a resident of Connecticut, and acted only as the director of a program which was offered by Rutgers University, and allegedly caused injury to Plaintiffs.

" '[A] federal court adjudicating a case founded upon diversity of citizenship must determine the question of *in personam* jurisdiction by reference to the law of the forum state.' " *Mozes v. Welch*, 638 F.Supp. 215, 223 (D.Conn.1986) citing *Bross Utilities Service Corp. v. Aboubshait*, 489 F.Supp. 1366, 1370 (D.Conn. 1980), *affd.*, 646 F.2d 559 (2d. Cir.1980). See also *Arrowsmith v. United Press International*, 320 F.2d at 223; *Connecticut Artcraft Corp. v. Smith*, 574 F.Supp. at 626. Further, in order to exercise personal jurisdiction over a nonresident Defendant, a federal court sitting in diversity

must make two separate inquires. *Mozes,* 638 F.Supp. at 222.

Initially, it must determine whether the state's long arm statute authorizes the exercise of such jurisdiction. See e.g. *Arrowsmith v. United Press International,* 320 F.2d 219, 223 (2d. Cir.1963) (en banc); *Connecticut Artcraft Corp. v. Smith,* 574 F.Supp. 626, 629 (D.Conn. 1983). Second, the court must then determine if the state statute satisfies due process. To satisfy this inquiry the state statute must provide for "certain minimum contact with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) . . . .

*Mozes,* 638 F.Supp. at 222–23.

A trial court need not make the second of these inquiries if it finds that the pertinent section of the long-arm statute does not reach the Defendant. *Frazer v. McGowan,* 198 Conn. 243, 246–47, 502 A.2d 905 (1986).

■ Plaintiffs' assertions, that personal service of process established this Court's jurisdiction over Dr. Weiss, are meritless and have no basis in the law. Plaintiffs' claim of jurisdiction by service has no support in Connecticut's long-arm statute, nor would it survive a constitutional due process analysis. Additionally, one need only look as far as the Fed.R.Civ.Proc. 4(d)(1) and 12(h)(1) to understand that the Defendant has not waived her right to assert lack of personal jurisdiction.

■ This being the case, the only possible basis for jurisdiction over Dr. Weiss would have to be found in the applicable Connecticut long-arm statute, Connecticut General Statutes at Section 52–59b. The provisions at issue in this case are subsections (a)(3), (a)(4), and (a)(5) of Conn.Gen. Stat. § 52–59b and specifically, subsection (a)(3)(A). Those sections provide:

[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, . . ., who in person or through an agent: . . . (3) *commits a tortious act outside the state causing injury to person or property within the state,* . . ., if [s]he (A) regularly does or solicits business, or *engages in any other persistent course of conduct,* or derives substantial revenue from . . . services rendered, in the state, or (B) expects or reasonably should expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses, or possesses any real property situated within the state; or (5) uses a computer . . . or a computer network . . . located within the state.

Conn.Gen.Stat. § 52–59b (emphasis in Plaintiffs' specific citations from their opposing memorandum of law)

There is nothing in the facts and Plaintiffs do not suggest that either subsection (4) or (5) applies to Dr. Weiss. Therefore, Plaintiffs seek to rely on subsection (a)(3). Because they have sued Defendant in her personal capacity, in order to survive this summary judgment motion, Plaintiffs must establish that Defendant, not as the Director of RAP, but as an individual, personally or through an agent, (1) regularly does or solicits business in Connecticut, **or** (2) engages in any other persistent course of conduct in Connecticut, **or** (3) derives substantial revenue from services rendered in Connecticut, **or** (4) expects or should reasonably expect the act to have consequences in Connecticut **and** derives substantial revenue from interstate or international commerce. Plaintiffs have failed to establish jurisdiction in regard to any one of these tests.

All of the Defendant's activities associated with the Plaintiffs were as the Director of The Rutgers Autism Program. "Personal jurisdiction must be denied where the contact with the forum state is based

solely on allegations of symbiotic relationship rather than individual contacts." *Mozes,* 638 F.Supp. at 223. The Court will discuss the elements of Section 52–59b(a)(3) seriatim:

### Regularly does or solicits business in Connecticut

The facts demonstrate that Dr. Weiss never entered into Connecticut, does not have a private practice in Connecticut or serve the people of Connecticut through a private practice, nor does she solicit patients for a private practice.

### Engages in any other persistent course of conduct in Connecticut

The facts do not support a persistent course of conduct by Defendant personally within the state of Connecticut. While she did supervise other members of the Rutgers University staff who worked in Connecticut, they were not her personal agents and were also employees acting for and on behalf of their employer, Rutgers University, not Dr. Weiss. Further, her contacts with Connecticut, via letters and phone calls, were in no way persistent and were in connection with her position as the Director of RAP and not personal to Plaintiffs.

### Derives substantial revenue from services rendered in Connecticut

Dr. Weiss does not derive any revenue from Connecticut. Her wages are paid directly and only by Rutgers University in New Jersey and are not dependant in any way on Rutgers' activities within the state of Connecticut; she does not receive bonuses or commissions based on Rutgers' activities in Connecticut.

### Expects or should reasonably expect the act to have consequences in Connecticut and derives substantial revenue from interstate or international commerce

While the Defendant may have expected any acts performed as the Director of RAP in regard to the Plaintiffs to have de minimus consequences in Connecticut, she does not derive any revenue from interstate or international commerce. Again, her revenue and work are derived solely from Rutgers University in New Jersey and her acts as Director there, not from any interstate or international commerce.

The above analysis establishes that the Connecticut long-arm statute does not grant personal jurisdiction over Dr. Weiss. Therefore, although it is unnecessary to examine the issue of whether jurisdiction over Dr. Weiss would be constitutionally permissible under due process considerations, this Court finds that it would be fundamentally unfair for Dr. Weiss to have to answer in her personal capacity to a suit in Connecticut. She has not "purposely avail[ed] [herself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

### CONCLUSION

For the foregoing reasons, Defendant Dr. Weiss' Motion for Summary Judgment, [Doc. No. 8–2], on the ground of lack of personal jurisdiction, is GRANTED and the action against her is DISMISSED.

SO ORDERED.