**WORLDCOM TECHNOLOGIES, INC., Plaintiff,**

v.

**SEQUEL COMMUNICATIONS, INC., Defendant.**

**No. 00 CIV. 1598(CBM).**

United States District Court, S.D. New York.

Aug. 28, 2001.

Gayle S. Sanders, Law Office of Richard I. Wolff, P.C., New York, Counsel for Plaintiff.

Billy Cris Vidal, Esq., New York, Counsel for Defendant.

### MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff brings the instant suit pursuant to 28 U.S.C. § 1337 and the Communications Act of 1934 as codified at 47 U.S.C. § 151, *et seq.* Plaintiff claims that it had a contract with defendant, in which defendant would pay plaintiff for certain telephone services (the "Contract"). Plaintiff

---

**12.** This opinion applies to the sealed documents items 52, 57, 73, 74, 124, and 126–165.

is suing under breach of contract theory and in quantum meruit for $144,752.95, the money it claims was due under the Contract for the services provided. In addition, plaintiff is suing for attorneys' fees and costs and 18 percent interest on the alleged delinquent amount.

On June 26, plaintiff filed the instant motion for summary judgment. Upon consideration of, *inter alia*, plaintiff's memorandum of law in support of its motion for summary judgment and defendant's opposition to plaintiff's motion for summary judgment, the court hereby grants plaintiff's motion for summary judgment.

## I. Discussion

The underlying facts regarding this case are undisputed.[1] On December 29, 1997, plaintiff, a provider of, *inter alia*, domestic and international long distance telephone services, entered into the Contract with defendant, a pre-paid telephone calling-card merchant. The Contract provided that plaintiff would provide telephone services to defendant pursuant to WorldCom Tariff FCC No. 1 and No. 2 (the "Tariffs").

The Contract states that "[c]harges for Service shall be as set forth in the Tariffs. Schedule A sets forth discount(s) which are guaranteed for the term." Schedule A of the Contract contains special discounts from the applicable tariff rates for defendant's interstate traffic. Schedule A does not contain any special discounts or rates from the applicable tariff rates for defendant's intrastate and international traffic. With the exception of interstate traffic, plaintiff charged defendant tariff rates for all calls.

The Contract further provides that "[t]his Agreement may be modified only pursuant to a writing that is signed by each of the Parties." Although defendant maintains that plaintiff made oral promises of additional discounts after the Contract was signed, the Contract was never modified in writing to provide defendant with any discounts or special rates in addition to the discounts in Schedule A for interstate rates. Therefore, defendant was not entitled to any special rates or discounts from the applicable tariff rates for interstate calls.

After the Contract was signed, plaintiff began providing services to defendant. Plaintiff began issuing monthly invoices to defendant starting in or about February 1998. The invoices were due and payable within thirty days of the invoice date. On or about December 9, 1999, plaintiff sent defendant written notice of the breach of defendant's payment obligations under the Contract and demanded payment of the current amount then due and owing within five business days in order to prevent ter-

---

1. Local Rule 56.1 of this court sets forth that:

   (a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. . . .

   (b) The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

   (c) All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

   (d) Each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).

   Defendant did not submit a Rule 56.1 statement. Therefore, plaintiff's version of the facts, as set forth in plaintiff's Rule 56.1 statement, is deemed admitted by defendant. *See Gubitosi v. Kapica*, 154 F.3d 30, 31 n. 1 (2d Cir.1998); *Dusanenko v. Maloney*, 726 F.2d 82, 84 (2d Cir.1984).

mination of services. Defendant failed to pay its outstanding balance as demanded by the December 9, 1999 notice.

The Tariffs impose a per-month late fee of 1.5 percent of the unpaid balance. Therefore, plaintiff is entitled to a late fee at a rate of 18 percent annually on all monies owed by defendant pursuant to the Contract. In addition, the Tariffs provide that "[i]n the event the Company incurs fees or expenses, including attorneys' fees, court costs, costs of investigation, and related expenses in collecting, or attempting to collect, any charges owed the Company, the Customer will be liable to the Company for the payment of all such fees and expenses reasonably incurred." Hence, plaintiff is entitled to reasonable attorneys' fees and expenses in connection with collection of any monies owed by defendant pursuant to the Contract.

The standard for summary judgment is that "[u]ncertainty as to the true state of any material fact defeats the motion." *Gibson v. Am. Broad. Cos.*, 892 F.2d 1128, 1132 (2d Cir.1989). The movant must demonstrate the absence of a genuine issue of material fact. If the movant carries this burden, the burden then shifts to the non-moving party to produce concrete evidence sufficient to establish a genuine unresolved issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988). The court then must view the facts in the light most favorable to the non-movant and give that party the benefit of all reasonable inferences from the evidence that can be drawn in that party's favor. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000). The court neither weighs evidence nor resolves material factual issues but only determines whether, after adequate discovery, any such issues remain unre-

solved because a reasonable factfinder could decide for either party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Gibson*, 892, F.2d at 1132. However, neither conclusory statements, conjecture, nor speculation suffice to defeat summary judgment. *See Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir.1996).

Defendant does not allege, in its three-page opposition to plaintiff's motion for summary judgment, any facts which would indicate that plaintiff violated its written agreement with defendant. As discussed above, in spite of any oral assurances plaintiff may have made in post-contract negotiations, no written change was made to the Contract, as required by the Contract. Nevertheless, defendant further argues that plaintiff is not entitled to relief because under the Contract, defendant had the right to terminate the Contract should plaintiff institute a 5 percent rate increase. During the course of business between defendant and plaintiff, defendant claims that plaintiff raised the rate to 4.9 percent. Defendant would have the court believe that "this is not clearly a fair business practice." (Def.'s Opp'n.) However, defendant cites no law to support the proposition that plaintiff's conduct constitutes either a breach of contract or entitles defendant to equitable relief. Indeed, this court has not found any cases with such a holding.

In addition, defendant has not disputed plaintiff's claim that, according to the terms of the Contract, the amount owed to plaintiff at the time of termination of services to defendant was $144,752.95. Finally, defendant has not disputed plaintiff's claim to 18 percent interest and reasonable attorneys' fees.

## II. Conclusion

Because defendant has failed to establish a genuine issue of material fact as to

its liability for the damages claimed by plaintiff, this court hereby **GRANTS** plaintiff's motion for summary judgment in the amount of $144,752.95 plus 18 percent annual interest and attorneys' fees.

**SO ORDERED.**