**Migdalia RIVERA, Plaintiff–Appellant,**

v.

**HARTFORD FIRE INSURANCE CO., Defendant–Appellee.**

No. 02–7268.

United States Court of Appeals, Second Circuit.

Dec. 16, 2002.

Bruce A. Chaplin, Durham, CT, for Appellant.

Tasos C. Paindiris, Jackson Lewis LLP, Hartford, CT, for Appellee.

F.I. PARKER, STRAUB, and RAGGI, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 16th day of December, Two Thousand and Two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Migdalia Rivera appeals from the district court's February 13, 2002 order granting the summary judgment motion of defendant-appellee Hartford Fire Insurance Co. ("Hartford"). Rivera claimed that Hartford violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by denying her claim for benefits under Hartford's Long Term Disability Plan ("LTDP").[1] The district court granted Hartford's summary judgment motion because it found that Hartford's decision to deny Rivera benefits was not "arbitrary and capricious." Rivera challenges that ruling, and alternatively, argues that the district court should have reviewed Hartford's decision de novo due to a conflict of interest. In addition, River challenges the court's application of its local rule governing summary judgment submissions.

 First, Rivera argues that the district court erroneously excluded her Local Rule 9 statement of material facts. The district court excluded her Local Rule 9 statement because it failed to put forth her view of what facts were in dispute. This Court "accord[s] considerable deference" to a "district court's interpretation and application of its own local rule." *LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995). We find no error in the district court's treatment of Rivera's Local Rule 9 statement. *See, e.g., Dusanenko v. Maloney,* 726 F.2d 82, 84 (2d Cir.1984). In any event, since the district judge proceeded to consider appellant's opposition submission, even though not in conformity with the local rules, she cannot claim any prejudice.

 Next, Rivera argues that the district court erred by reviewing Hartford's decision under the "arbitrary and capricious" standard. Where, as here, an ERISA plan gives the plan administrator discretionary authority to determine eligibility for benefits, courts will generally overturn such benefits decisions only if they are "arbitrary and capricious." *Kinstler v. First Reliance Standard Life Ins. Co.,* 181 F.3d 243, 249 (2d Cir.1999). An exception exists (and the standard of review is de novo) for cases where the plan administrator's decision was "*in fact* influenced by a conflict of interest." *Fay v. Oxford Health Plan,* 287 F.3d 96, 108–09 (2d Cir.2002) (internal quotation omitted). The district court correctly held that this exception does not apply because Rivera "provided nothing more than conjecture and speculation" to support her allegation of conflict.

Finally, Rivera argues that the district court erred by finding that Hartford's decision was supported by substantial evidence and thus was not "arbitrary and capricious." Finding no error in the district court's analysis, we affirm its conclusion for substantially the reasons stated in the district court's February 13, 2002 ruling.

For the reasons stated above, the judgment of the district court is AFFIRMED.

---

1. The district court dismissed the component of Rivera's complaint related to Hartford's Short Term Disability Plan because that plan "is not an employee-sponsored 'employee welfare benefit plan' as defined in ERISA." Rivera does not challenge this ruling.